Adam J. Fiss, Bar No. 211799
afiss@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113
Telephone:    408.998.4150
Fax No.:       408.288.5686

Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Fax No.:       916.561.0828


Attorneys for Defendant
ASPLUNDH TREE EXPERT, LLC,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VENTURA, an individual, | Case No. |
| Plaintiff, | **DECLARATION OF NATHANIEL JENKINS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION** |
| v. | |
| ASPLUNDH TREE EXPERT, LLC., a Pennsylvania corporation; CHRIS THOMPSON, an individual; LUIS LOPEZ, an individual; and DOES 1 through 20, inclusive, | |
| Defendants. | |

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

JENKINS DECL ISO REMOVAL

I, NATHANIEL JENKINS, declare as follows:

1.      I am an attorney admitted to practice in the State of California and an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel of record for Defendant Asplundh Tree Expert, LLC ("Defendant") in this action.  I make this Declaration in support of Defendant's Notice of Removal of Civil Action to Federal Court ("Notice of Removal").  All of the information set forth herein is based on my personal and firsthand knowledge or based on information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2.      True and correct copies of the documents served on Defendant's agent on August 22, 2022, including the Notice of Service of Process, Summons, and Complaint for Damages are attached hereto as **Exhibit A**.

3.      On September 20, 2022, Defendant filed an Answer in the form of a general denial and affirmative defenses to Plaintiff's Complaint.  A true and correct copy of the Answer filed by Defendant in Sonoma County Superior Court is attached hereto as **Exhibit B.**

4.      Pursuant to 28 U.S.C. § 1446(d), Exhibits A and B constitute all process, pleadings, and orders filed in the State Court Action.  To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in state court.

5.      Other than the court proceedings and documents discussed above and attached as Exhibits A and B hereto, I am not aware of any further proceedings or filings regarding this case in Sonoma County Superior Court.

6.      As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

7.      Contemporaneously with the filing of Defendant's Notice of Removal in the United States District Court for the Northern District of California, our office is providing written notice of the removal to Plaintiff's counsel of record: Ruben Guerra and Tizoc Perez-Casillas of Guerra & Casillas, LLP, 617 South Olive Street, Suite 422, Los Angeles, CA 90014. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Sonoma.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

JENKINS DECL ISO REMOVAL

2

1    I declare under penalty of perjury under the laws of the United States and the State of

2    California that the foregoing is true and correct.

3        Executed on September 21, 2022 at Sacramento, California.

4

5

6    _____
     NATHANIEL JENKINS

7

4877-8827-4740.1 / 100715-1028
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

JENKINS DECL ISO REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/22/2022
CT Log Number 542168988

## Service of Process Transmittal Summary

**TO:**    Becky Rohrer
         ASPLUNDH TREE EXPERT, LLC
         708 BLAIR MILL RD
         WILLOW GROVE, PA 19090-1784

**RE:**    **Process Served in California**

**FOR:**    Asplundh Tree Expert, LLC   (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JUAN VENTURA, an individual // To: Asplundh Tree Expert, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Sonoma County, Superior Court, CA<br>Case # SCV271434 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/17/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/22/2022 at 03:52 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Ruben Guerra<br>GUERRA & CASILLAS LLP<br>617 South Olive Street, Suite 422<br>Los Angeles, CA 90014<br>213-437-9495 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/23/2022, Expected Purge Date: 08/28/2022<br><br>Image SOP<br><br>Email Notification, Becky Rohrer rrohrer@asplundh.com<br><br>Email Notification, Ann Hook ahook@asplundh.com<br><br>Email Notification, Crystal Brough cbrough@asplundh.com<br><br>Email Notification, Michael Keffer mkeffer@asplundh.com<br><br>Email Notification, Anastacio Auerlio aauerlio@asplundh.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |


The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Aug 22, 2022
**Server Name:**                   Victor Mendez

| Entity Served | ASPLUNDH TREE EXPERT, LLC |
|---|---|
| Case Number | SCV271434 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |





**SUMMONS**
*(CITACIÓN JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
8/16/2022 3:16 PM
By: Alex Fleckenstein, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASPLUNDH TREE EXPERT, LLC., a Pennsylvania corporation; CHRIS THOMPSON, an individual; LUIS LOPEZ, an individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUAN VENTURA, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice<br>600 Administration Drive, Room 107J<br>Santa Rosa, CA 95403 | CASE NUMBER: *(Número del Caso):*<br>SCV-271434 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

GUERRA & CASILLAS LLP: 617 South Olive Street, Suite 422, Los Angeles, CA 90014; (213) 437-9495

| DATE: 8/16/2022 3:16 PM<br>*(Fecha)* | Robert Oliver Clerk, by | Alex Fleckenstein | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |
| | *(Secretario)* | | |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Asplundh Tree Expert, LLC., a Pennsylvania corporation**

 under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
 ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
| --- | --- | --- |

Ruben Guerra, Esq. (SBN 291446)
ruben@guerracasillas.com
Tizoc Perez-Casillas, Esq. (SBN 309981)
tizoc@guerracasillas.com
**GUERRA & CASILLAS LLP**
617 South Olive Street, Suite 422
Los Angeles, California 90014
Telephone: (213) 437-9495
Facsimile: (213) 342-5503

Attorney for Plaintiff,
JUAN VENTURA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| JUAN VENTURA, an individual, | Case No. SCV-271434 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.;** |
| ASPLUNDH TREE EXPERT, LLC., a Pennsylvania corporation; CHRIS THOMPSON, an individual; LUIS LOPEZ, an individual; and DOES 1 through 20, inclusive, | 2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.;** |
| Defendants. | 3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETLIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| | 5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 7. **RETALIATION (CAL. LABOR CODE § 98.6);** |
| | 8. **RETALIATION (CAL. LABOR CODE §§ 1102.5, 1102.6, 6310);** |

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

10. **FOR DECLARATORY JUDGMENT;**

11. **FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES (CAL. LABOR CODE §2802); AND**

12. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §§226, 1198.5);**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, JUAN VENTURA and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Sonoma County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Sonoma County, and because the work that is the subject of this action was performed by Plaintiff in Sonoma County.

## THE PARTIES

2.     Plaintiff, JUAN VENTURA, is and at all times relevant hereto was a resident of the County of Frederick, State of Maryland.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant ASPLUNDH TREE EXPERT, LLC, (hereinafter referred to as "ASPLUNDH" or "EMPLOYERS") was and is Pennsylvania limited liability company doing business at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, ASPLUNDH owned and operated a business engaged in tree trimming.

5.     Plaintiff is informed and believes, and based thereupon alleges, that all times relevant hereto, Defendant CHRIS THOMPSON (hereinafter referred to as "THOMPSON") was and is an individual residing in the State of Arkansas. THOMPSON was the Plaintiffs' manager, corporate agent, supervisor, and/or coworker at ASPLUNDH.

6.     Plaintiff is informed and believes, and based thereupon alleges, that all times relevant hereto, Defendant LUIS LOPEZ (hereinafter referred to as "LOPEZ") was and is an individual residing in the State of Arkansas. LOPEZ was the Plaintiffs' manager, corporate agent, supervisor, and/or coworker at ASPLUNDH.

7.     At all times relevant herein, EMPLOYERS and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8.     At all times relevant herein, EMPLOYERS and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558 and/or 558.1, and liable to Plaintiff on that basis.

9.     Plaintiff is informed and believes, and thereon alleges that at all time relevant to this action, THOMPSON and LOPEZ were managers and/or supervisors of EMPLOYERS, acting as a managing agents for EMPLOYERS; THOMPSON and LOPEZ were acting within the course and scope of their employment and on behalf of EMPLOYERS such that their acts or omissions are imputed to EMPLOYERS under the doctrine of *respondeat superior*; or, alternatively, at all times relevant to this action, EMPLOYERS cloaked THOMPSON and LOPEZ with the appearance of actual authority, such that Plaintiff was justified in relying thereon, and therefore his acts or omissions are imputed to EMPLOYERS under the doctrine of *respondeat superior*.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to

insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

11.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

12.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

13.    Plaintiff has filed complaints of discrimination, harassment, retaliation and failure to prevent discrimination, harassment, and retaliation under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between EMPLOYERS and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

15.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, EMPLOYERS and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    EMPLOYERS are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint,

and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b.   EMPLOYERS and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

   c.   EMPLOYERS and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d.   EMPLOYERS do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e.   The business affairs of EMPLOYERS and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  EMPLOYERS are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of EMPLOYERS and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

   16.   Accordingly, EMPLOYERS constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

   17.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that EMPLOYERS and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of EMPLOYERS and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, EMPLOYERS, or any of them, (1) there is an express or implied agreement of assumption pursuant to which EMPLOYERS and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between EMPLOYERS and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) EMPLOYERS and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to EMPLOYERS and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, EMPLOYERS and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

18.     On or about September 11, 2021, EMPLOYERS hired Plaintiff to work as a field supervisor. Plaintiff essentially functioned as a supervisor for various tree trimming crews.

19.     Plaintiff's job duties included making phone calls, texting, and emailing employees, using software to count trees and create reports for the companies that hired EMPLOYERS, in addition to approving the time employees worked on Plaintiff's crew.

20.     Plaintiff worked for EMPLOYERS on other jobs in other states prior to being assigned to work in California.

21.     EMPLOYERS held conference calls every Monday. The conference calls concerned safety, profitability, and any accidents that had occurred on EMPLOYER's work sites throughout the country. These conferences tended to last between forty-five (45) minutes to one (1) hour.

22.     Plaintiff was never told that he was required to speak on conference calls.

23.     On or around September 11, 2021, Plaintiff was assigned to supervise a crew of tree trimmers in Sonoma, California.

24.     Plaintiff stayed in a hotel in Santa Rosa, California at the beginning of his time working in California because of its proximity to Sonoma, California. Plaintiff's family stayed with him.

25.     Plaintiff was not provided with a company cell phone for the first month he worked for EMPLOYERS in California, and Plaintiff was required to use his personal cellphone without reimbursement, in violation of Labor Code § 2802.

26. On or about October 9, 2021, Plaintiff started feeling pain all over his body. With every passing day, the pain became worse.

27. On or about October 10, 2021, Plaintiff could not compel himself to get out of bed, and he spent most of the day lying down and feeling miserable.

28. In or around October 2021, Plaintiff received a company cell phone from EMPLOYERS.

29. From on or about October 12 through October 14, 2021, Plaintiff had difficulty eating, lost his sense of taste and smell, and developed a severe cough. Plaintiff also had a difficulty breathing.

30. The same day, Plaintiff received a call from his manager, THOMPSON. THOMPSON told Plaintiff that Plaintiff had "to show up for work because your people are all alone there and you have to show up."

31. Plaintiff told THOMPSON that he could not work because Plaintiff could hardly breathe, much less speak. THOMPSON responded by saying "well, you have to go. Your people are alone". THOMPSON also stated that Plaintiff would not be paid if he did not come to work.

32. Plaintiff relented and made his way to the jobsite with difficulty because Plaintiff feared that he would suffer some form of discipline from EMPLOYERS. When Plaintiff arrived at the job site, Plaintiff could not stop coughing and had significant trouble breathing.

33. Plaintiff complained to THOMPSON again about his difficulty breathing, but THOMPSON did not seem to care. After a few minutes, Plaintiff could not bear the pain any longer, so he left the site and headed back to the hotel.

34. Later that day, Plaintiff was feeling so sick that Plaintiff felt there was no alternative but to call an ambulance to take him to the hospital. Plaintiff was taken to the emergency room.

35. At the hospital, Plaintiff received a test for COVID-19, and tested positive. Plaintiff was also diagnosed with pneumonia. Plaintiff had to be placed on an oxygen respirator because of his shortness of breath.

36. On or about October 15, 2021, Plaintiff was contacted by THOMPSON via text and updated THOMPSON on Plaintiff's health status. THOMPSON asked Plaintiff if he could work remotely from the hospital because Plaintiff was the only employee who could handle his crew and send the

necessary reports to EMPLOYERS. Despite being incredibly sick and unable to maintain his concentration, Plaintiff worked remotely from on or about October 15, 2021, until November 5, 2021.

37. Plaintiff remained hospitalized until on or about October 23, 2021. Plaintiff was then diagnosed with having a form of long-haul COVID-19.

38. From on or about October 23, 2021, until November 5, 2021, Plaintiff stayed in his hotel room recovering from his illness while also working remotely.

39. On or about November 1, 2021, the crew Plaintiff was supervising was transferred to a new location in El Dorado, California. Plaintiff and his family moved to a new hotel in Rancho Cordova, California, to be closer to the location.

40. On or around November 2021, Plaintiff attended conference calls but did not speak because it was difficult for Plaintiff to speak due to his illness.

41. That same day, Plaintiff felt like he was having a heart attack. Plaintiff was very frightened and called for an ambulance to take him to the emergency room. Plaintiff was told he was suffering from complications from COVID-19 which were causing him to breath erratically. Plaintiff was discharged from the hospital the same day.

42. On or about November 5, 2021, Plaintiff went back to working in person for EMPLOYERS by supervising the crew that was tree trimming in El Dorado, California.

43. Plaintiff noticed upon returning that his crew had kicked Plaintiff out of their text messaging group. Plaintiff's crew did not appear to respect his authority anymore, as they no longer spoke to Plaintiff directly and instead communicated with his second-in-command.

44. Plaintiff was also unable to speak with THOMPSON at this time, despite calling him numerous times and sending him text messages.

45. On or about December 17, 2021, Plaintiff was terminated by LOPEZ. When Plaintiff asked LOPEZ why Plaintiff was being terminated from his position, LOPEZ pretextually stated that Plaintiff had missed several of the Monday conference calls, despite Plaintiff never receiving a warning for missing a conference call in the past.

COMPLAINT FOR DAMAGES

46.     Plaintiff's termination was substantially motivated by Plaintiff's disability and/or medical condition, real or perceived, use of or anticipated use of medical leave, and/or engagement in protected activities. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

47.     On information and belief, THOMPSON and LOPEZ engaged in harassing conduct against Plaintiff based on personal gratification, intentional meanness, bigotry, and/or other personal motives.

48.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to THOMPSON and LOPEZ, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

49.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

50.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

51.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

52.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE**

53.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

54.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

55.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

56.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, use or anticipated use of medical leave, and/or engagement in protected activities, and/or engagement in protected activities from occurring, and to prevent from occurring discrimination, harassment, retaliation on the same bases.

57.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition, use or anticipated use of medical leave, and/or engagement in protected activities.

58.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

59.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent discrimination, and termination, and was harmed thereby.

60.     Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real or perceived, use or anticipated use of medical leave, and/or engagement in protected activities, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

61.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

62.     The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

63.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

64.     Pursuant to Government Code section 12965, subdivision (b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ.

### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

66.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

67.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

68.     These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's real or perceived disability, real or perceived medical condition, use of or anticipated use of medical leave, engagement in protected activities, as set forth hereinabove.

COMPLAINT FOR DAMAGES

69.     Defendants' harassing conduct was severe or pervasive, unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

70.     Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassed Plaintiff because of Plaintiff's real or perceived disability, real or perceived medical condition, use of or anticipated use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

71.     The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

72.     The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

73.     Defendants harassed Plaintiff by, among other things: (1) pressuring Plaintiff to return to work despite knowing he was ill; (2) excluding Plaintiff from work messages and work-related activities (3) refusing to engage in the interactive process with Plaintiff regarding his real or perceived disability/medical condition.

74.     The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

75.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

Pursuant to Government Code section 12965, subdivision (b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE

76. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

77. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

78. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

79. Plaintiff engaged in the protected activities of complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's disability and/or medical condition, and/or use or anticipated use of medical leave.

80. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent discrimination, and termination, and was harmed thereby.

81. Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

82. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

83. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, the other Defendants.

84. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

85. The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

-13-

86. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

87. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN

## VIOLATION OF GOV'T CODE §12940(k)

## AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE

88. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

89. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.

90. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

91. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

92. The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

93. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

94.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE §12940 ET SEQ.
## AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE

95.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

96.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

97.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

98.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability and/or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and

1     continue to violate this obligation, up to and including the date of Plaintiff's termination or, if

2     Defendant contends Plaintiff was never terminated, through the present and ongoing.

3          99.     The above said acts of Defendants constitute violations of the FEHA and were a

4     proximate cause in Plaintiff's damage as stated below.

5          100.     The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated

6     by reference.

7          101.     The foregoing conduct of Defendants individually, and/or by and through their officers,

8     directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

9     was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

10     rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

11     rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

12     Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

13          102.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

14     attorneys' fees and costs, including expert fees pursuant to the FEHA.

15

16                              **SIXTH CAUSE OF ACTION**

17       **FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

18             **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

19          **AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE**

20          103.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as

21     though set forth in full herein.

22          104.     At all times hereto, the FEHA, including in particular Government Code §12940(n),

23     was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing

24     duty on Defendants to engage in a timely, good faith, interactive process with the employee to

25     determine effective reasonable accommodations, if any, in response to a request for reasonable

26     accommodation by an employee with a known physical disability or known medical condition and/or

27     becoming aware of the employee's need for accommodation.

28

COMPLAINT FOR DAMAGES

105.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

106.    Plaintiff reported the medical condition to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

107.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

108.    The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

109.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

110.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION

**FOR RETALIATION**

**LABOR CODE §§ 98.6**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

111.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

112.    Labor Code §98.6(a) prohibits an employer from discharging or discriminating against an employee for political activities; for complaining that he or she is owed unpaid wages, for whistleblowing; for assigning wage claims to the Labor Commissioner resulting from demotion, suspension, or discharge for lawful conduct occurring during nonworking hours away from employer's premises; for filing a complaint with the Labor Commissioner or testifying in such proceedings; for initiating proceedings against the employer to collect civil penalties under the "Labor Code Private Attorneys General Act;" and for exercising "any rights afforded him or her" under the Labor Code. Thus, Section 98.6 prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who, among other things, has exercised his or her rights under that Chapter (Chapter 5 of the Labor Code, which encompasses §1102.5), including the right to take meal breaks, and/or made a written or oral complaint that he or she is owed unpaid wages.

113.    An employee who has been discharged or retaliated against in violation of Labor Code §98.6 is entitled to recovery of a civil penalty against the employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

114.    Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was treated unequally and terminated and from his employment with Defendants as a result of his complaints that Plaintiff was required to work while he was suffering from a severe case of COVID-19.

115.    The above-described conduct by Defendants, violates Labor Code § 98.6 and Plaintiff is entitled to damages and a civil penalty of ten thousand dollars ($10,000) against Defendants.

116.    As a result of Plaintiff's exercising her rights under Labor Code § 98.6, Plaintiff is informed and believes and thereon alleges that Defendants retaliated against him by terminating his employment after his complaints about having to work while suffering from covid-19 were ignored by Defendants.

-18-
COMPLAINT FOR DAMAGES

117.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants, and Defendants' officers and/or managing agents, including THOMPSON and LOPEZ and DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1-20, inclusive.

118.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

119.    The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

120.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered general damages including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, stress and other damages to be proven at the time of trial.

121.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights. Plaintiff is, therefore, entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### EIGHTH CAUSE OF ACTION
### FOR RETALIATION
### LABOR CODE §§ 1102.5, 1102.6, 6310
### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

122.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

123.    At all relevant times, Labor Code §1102.5 was in full force and effect, and was binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer, from

-19-

COMPLAINT FOR DAMAGES

discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. This law also prohibits retaliation against an employee for *refusing to participate* in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

124. Pursuant to Labor Code §1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

125. Labor Code §6310 declares, in pertinent part, that no person shall discharge, or in any manner discriminate against an employee, because the employee has made any oral or written complaint to his employer with reference to employee safety or health. The public policy underlying Labor Code §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those who in good faith report working conditions they believe to be unsafe.

126. Labor Code §§6400, et seq., require that every employer shall furnish employment and a place of employment that is safe and healthful for employees. *City of Palo Alto v. Service Employees International Union (SEIU)* (1999) 77 Cal.App.4th 327.

a) Labor Code §6401 provides that "Every employer shall . . . adopt and use practices, means, methods, operations and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety and health of employees."

b) Labor Code §6402 provides that "No employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful."

127.     When read together, the foregoing statutes establish a fundamental public policy of the State of California requiring employers to provide a safe and secure workplace, including a requirement that an employer take reasonable steps to address safety in the workplace.

128.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was subjected to adverse employment actions, not the least of which was being terminated from his employment with Defendants as a result of his complaints to his supervisor that he was required to report to work when Plaintiff had already tested positive for covid-19.

129.     Plaintiff was terminated from his employment with Defendants as a result of his exercise of his rights under Labor Code section §§98.6, 1102.5, 6310. Defendants' retaliatory animus is evidenced by, among other things, the following facts: (1) Plaintiff's termination occurred following Plaintiff making complaints about conduct he believed was unlawful, (2) there were no performance issues or any other legitimate reason for Plaintiff's termination (3) Plaintiff was terminated not long after he complained about the having to work while suffering from COVID-19.

130.     Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

131.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants, and Defendants' officers and/or managing agents, including those identified herein as DOES 1-20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1-20, inclusive.

132.     Said conduct by Defendants violates Labor Code Labor Code §1102.5 and Labor Code §1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

133.     As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

1    134.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered
2    special damages including but not limited to past and future loss of income, benefits, and other damages
3    to be proven at time of trial.

4    135.   The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated
5    by reference.

6    136.   As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed
7    $10,000.00 for Defendants' violations of Labor Code § 1102.5.

8    137.   The foregoing conduct of Defendants individually, or by and through their managing
9    agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by
10   Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel
11   and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression,
12   or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate
13   to punish or make an example of Defendants.

14
15                              **NINTH CAUSE OF ACTION**
16          **FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
17                  **AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE**

18   138.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as
19   though set forth in full herein.

20   139.   At all relevant times mentioned in this complaint, the FEHA was in full force and effect
21   and was binding on Defendants. This law requires Defendants to refrain, among other things, from
22   discriminating against any employee on the basis of a disability and/or medical condition, use or
23   anticipated use of medical leave, and/or engagement in protected activities, and from retaliating against
24   any employee who engages in protected activity.

25   140.   At all times mentioned in this complaint, it was a fundamental policy of the State of
26   California that Defendants cannot discriminate and/or retaliate against any employee on the basis of
27   disability, real or perceived; medical condition, real or perceived; use of or anticipated use of medical
28   leave; and engagement in protected activities..

141.    Plaintiff believes and thereon alleges that Plaintiff's disability, medical condition and use or anticipated use of medical leave, and/or engagement in protected activities, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

142.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, real or perceived; medical condition, real or perceived; use of or anticipated use of medical leave; and engagement in protected activities., and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

143.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

144.    At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them.  This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code.  Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual employees and job applicants who could not otherwise afford to protect themselves from violations of the Labor Code.

145.    At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself.  Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the employee's suspicions are correct that the challenged conduct actually violates some law.  Indeed, the law in California is that an employee's good faith but mistaken belief in the illegality of his co-workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing context.

COMPLAINT FOR DAMAGES

1    146.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's

2    engagement in protected activities under Labor Code §§ 98.6 and/or 1102.5 was a proximate cause in

3    Plaintiff's damages as stated below.

4    147.    At all relevant times mentioned in this complaint, Labor Code §§6310, and 6400, et seq.,

5    were in full force and effect and were binding on Defendants.

6    148.    Labor Code §6310 declares, in pertinent part, that no person shall discharge, or in any

7    manner discriminate against an employee, because the employee has made any oral or written complaint

8    to his employer with reference to employee safety or health. The public policy underlying Labor Code

9    §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those

10   who in good faith report working conditions they believe to be unsafe.

11   149.    Labor Code §§6400, et seq., require that every employer shall furnish employment and a

12   place of employment that is safe and healthful for employees. *City of Palo Alto v. Service Employees*

13   *International Union (SEIU)* (1999) 77 Cal.App.4th 327.

14   150.    When read together, the foregoing statutes establish a fundamental public policy of the

15   State of California requiring employers to provide a safe and secure workplace, including a requirement

16   that an employer take reasonable steps to address credible threats of violence in the workplace.

17   151.    Plaintiff believes and thereon alleges that his complaints regarding the safety and health

18   of the place of employment furnished by Defendants were factors in Defendants' decision to retaliate

19   against Plaintiff by essentially terminating Plaintiff's employment, as alleged hereinabove.

20   152.    Such retaliation against Plaintiff who, in good faith, reported working conditions he

21   believed to be unlawful was a proximate cause in Plaintiff's damages as stated below.

22   153.    At all times mentioned in this complaint, it was a fundamental policy of the State of

23   California that Defendants cannot discriminate and/or retaliate in violation of the FEHA or for

24   complaining about unsafe working conditions and Labor Code violations in violation of §§ 98.6, 1102.5

25   and 6310.

26   154.    Plaintiff believes and thereon alleges that Plaintiff's engagement in protected activities

27   and/or protected characteristics, was a factor in Defendants' conduct as alleged hereinabove.

28

COMPLAINT FOR DAMAGES

1   155.   Such retaliation, resulting in the wrongful termination of Plaintiff's employment on the

2   basis of Plaintiff's protected status and/or engagement in protected activity, was a proximate cause in

3   Plaintiff's damages as stated below.

4   156.   The above said acts of Defendants constitute violations of the Government Code, FEHA,

5   Labor Code, and the public policy of the State of California embodied therein as set forth above.

6   Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating

7   Plaintiff's employment in retaliation for exercise of protected rights.

8   157.   At all times mentioned in this complaint, it was a fundamental policy of the State of

9   California that Defendants cannot retaliate against any employee who engages in protected activity.

10   158.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's protected

11   status as a protected member of the class under FEHA, engagement in protected activities under Labor

12   Code sections 98.6, 1102.5, 6310, was a proximate cause in Plaintiff's damages as stated below.

13   159.   The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated

14   by reference.

15   160.   The foregoing conduct of Defendants individually, or by and through their officers,

16   directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

17   despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

18   Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such

19   as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

20   damages in an amount appropriate to punish or make an example of Defendants.

21

22                              **TENTH CAUSE OF ACTION**

23                           **FOR DECLARATORY JUDGMENT**

24            **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

25   161.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 160, inclusive, as

26   though set forth in full herein.

27   162.   Government Code §12920 sets forth the public policy of the State of California as

28   follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

163. Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

164. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

165. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability, medical condition, use or anticipated use of medical leave, and/or engagement in protected

activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability, medical condition, use or anticipated use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's disability, medical condition, use or anticipated use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

166. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's disability, medical condition, use or anticipated use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics

167. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's disability, medical condition, use or anticipated use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

168. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

169. The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

170. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

171. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

-27-

COMPLAINT FOR DAMAGES

section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## ELEVENTH CAUSE OF ACTION

## FOR FAILURE TO INDEMNIFY FOR NECESSARY BUSINESS EXPENSES

## LABOR CODE §2802

## AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE

172.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as though set forth in full herein.

173.    Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee…to patronize his or her employer, or any other person, in the purchase of any thing of value."

174.    Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

175.    Plaintiff was required by Defendants to expend Plaintiff's personal funds because of the duties required by Defendants, as alleged hereinabove.

176.    Pursuant to Labor Code §2802(a), Defendants are legally required to reimburse Plaintiff for all necessary expenditures incurred in the performance of Plaintiff's duties.

177.    Defendants have failed and refused to reimburse Plaintiff for all necessary business expenditures, including for using his personal cellphone, among other expenses.

178.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff is entitled to recover from Defendants the unpaid balance of all of the necessary aforementioned expenditures.

179.    As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2502(a), Plaintiff has been damaged in an amount according to proof at the time of trial but estimated as follows: Plaintiff was required to use his own cellphone throughout his employment for work related

1  purposes. Plaintiff was required to rent a car and use it for work related purposes for two (2) weeks upon
2  reaching California. Plaintiff was also required to purchase his own gasoline and use it for work related
3  purposes upon reaching California. Defendants have at the very least failed to reimburse Plaintiff for his
4  cellphone, rental car, and gasoline use in the amount according to proof.

5      180.   Pursuant to Labor Code §2802(b), Plaintiff requests that the Court award interest at the
6  same rate as judgments in civil actions, accruing from the date on which Plaintiff incurred the necessary
7  expenditure or loss.

8      181.   Pursuant to Labor Code §2802(c), Plaintiff requests that the Court award Plaintiff
9  reasonable attorneys' fees and costs incurred in this action.

10

11  ## TWELFTH CAUSE OF ACTION

12  ## FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

13  ## LABOR CODE §§ 226, 1198.5

14  ## AGAINST EMPLOYERS AND DOES 1-20, INCLUSIVE

15      182.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48, inclusive, as
16  though set forth in full herein.

17      183.   Labor Code §1198.5 requires an employer, within thirty (30) days of a written request
18  thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's
19  failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

20      184.   Labor Code §226 requires an employer, within twenty-one (21) days of a written request
21  thereof, to allow inspection or to provide a copy of an employee's personnel and payroll records. An
22  employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

23      185.   On March 1, 2022, Plaintiff made a written request to inspect or receive a copy of
24  Plaintiff's personnel and payroll records from Defendants, which Defendants received.

25      186.   Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and
26  payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within
27  the time required by Labor Code §1198.5, or ever.

28

COMPLAINT FOR DAMAGES

187. As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

188. As a result of Defendants' failure and refusal to comply with Labor Code §226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

189. The damage allegations of Paragraphs 49 through 52, inclusive, are herein incorporated by reference.

190. Pursuant to Labor Code §§1198.5(*l*) and 226(h), Plaintiff requests a reasonable award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

191. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts;

192. For a money judgment representing special damages;

193. For a money judgment representing general damages for mental pain and anguish, and loss of earning capacity;

194. For a civil penalty of $10,000 pursuant to Labor Code § 98.6(b)(3), and any other remedies under this section;

195. For a civil penalty of $10,000 pursuant to Labor Code § 1102.5(f), and any other remedies under this section;

196. As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00;

197. As a result of Defendants' failure and refusal to comply with Labor Code §226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00;

198. For reimbursement of necessary business expenses pursuant to Labor Code §2802, in the amount according to proof, plus interest;

1   199.   For prejudgment interest on each of the foregoing at the legal rate from the date the

2   obligation became due through the date of judgment in this matter;

3   **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an

4   amount according to proof, as follows:

5   200.   For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

6   condemning Defendants' discriminatory practices;

7   201.   For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish

8   Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9   202.   For costs of suit;

10   203.   For attorneys' fees;

11   204.   For post-judgment interest; and

12   205.   For any other relief that is just and proper.

14   DATED:  August 16, 2022                    **GUERRA & CASILLAS LLP**

16                                    By: _____

17                                    Ruben Guerra, Esq.
                                     Tizoc Perez-Casillas, Esq.
18                                    Attorneys for Plaintiff
                                     JUAN VENTURA

20                             **JURY TRIAL DEMANDED**

21   Plaintiff demands trial of all issues by jury.

23   DATED:  August 16, 2022                    **GUERRA & CASILLAS LLP**

25                                    By: _____

26                                    Ruben Guerra, Esq.
                                     Tizoc Perez-Casillas, Esq.
27                                    Attorneys for Plaintiff
                                     JUAN VENTURA

-31-

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Adam J. Fiss, Bar No. 211799
afiss@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113
Telephone:    916.830.7200
Fax No.:       916.561.0828

Nathaniel H. Jenkins, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Fax No.:       916.561.0828

Attorneys for Defendant
ASPLUNDH TREE EXPERT, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| JUAN VENTURA, an individual,<br><br>            Plaintiff,<br><br>   v.<br><br>ASPLUNDH TREE EXPERT, LLC., a Pennsylvania corporation; CHRIS THOMPSON, an individual; LUIS LOPEZ, an individual; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.  SCV-271434<br><br>**ANSWER OF DEFENDANT ASPLUNDH TREE EXPERT, LLC TO PLAINTIFF'S COMPLAINT**<br><br>*Assigned for All Purposes to Hon. Gary Nadler, Courtroom 19*<br><br>Trial Date: None Set<br>Complaint Filed:   August 16, 2022 |

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

DEFENDANT ASPLUNDH'S ANSWER TO COMPLAINT

Defendant ASPLUNDH TREE EXPERT, LLC ("Defendant" or "Asplundh") hereby answers the unverified Complaint of Plaintiff JUAN VENTURA ("Plaintiff"), on behalf of itself and no other defendants, pursuant to section 431.30(b) of the California Code of Civil Procedure, without removing their right to remove this case to federal court, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of Plaintiff's Complaint.

## SEPARATE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant expressly reserves the right to raise arguments concerning the proper allocation of the burden of proof as to all claims and defenses. Moreover, because Plaintiff failed to plead facts instead of legal conclusions, Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant also reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

1.     FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2.     FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of limitations has expired, including but not limited to California Government Code sections 12960 and 12965 subdivision (b), and California Code of Civil Procedure sections 335.1, 340(a), and 343.

3.     FOR AND AS A THIRD SEPARATE DEFENSE, to the extent Plaintiff seeks to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"), Government Code sections 12940 *et seq.*, based on alleged incidents occurring prior to one year before the filing of his administrative charges, Defendant alleges that Plaintiff is not entitled to any relief for

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

any such incidents.

4. FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under the FEHA are barred to the extent he failed to exhaust his administrative remedies.

5. FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the doctrine of estoppel.

6. FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the doctrine of waiver.

7. FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the doctrine of laches.

8. FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the doctrine of unclean hands.

9. FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred in whole or in part, because without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, even if Plaintiff could establish that any of the allegations set forth in the Complaint were motivated by a potentially illegitimate motive, that Defendant would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

10. FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims and damages are preempted by his exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 *et seq*.

11. FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is barred from recovery, in whole or in part, to the extent he has failed to exercise due care and to take action to mitigate his alleged damages.

12. FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that his damages were caused by his own intentional and/or negligent acts and/or omissions.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

13. FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is barred to the extent that his emotional distress was proximately caused by factors other than his employment and/or the actions of Defendant or anyone acting on its behalf.

14. FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that that any recovery that Plaintiff may seek by way of his Complaint (while denying that any such recovery is justified) is precluded because: (a) Defendant maintained an anti-discrimination, anti-harassment policy and/or anti-retaliation policy, and/or open door policy and complaint procedure; (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to employees or to otherwise avoid harm; and (c) the reasonable use of Defendant's procedures by Plaintiff would have prevented some or all of the purported harm of which Plaintiff now complains..

15. FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that even if alleged discriminatory or retaliatory conduct occurred (which Defendant deny), Defendant took immediate and appropriate corrective action to stop the alleged conduct from continuing.

16. FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that they are not vicariously liable for any act or omission of any person, by way of respondeat superior, agency, or otherwise.

17. FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant Asplundh engaged in any unlawful conduct toward Plaintiff (which Defendant deny), such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted, or ratified by Defendant and/or Defendant did not know nor should have known of such conduct.

18. FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that the Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

///

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

19.    FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant is informed and believes that further investigation and discovery will reveal that Plaintiff's Complaint, and each purported cause of action alleged therein, or some of them, are barred in whole or in part, because Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

20.    FOR AND AS AN TWENTIETH SEPARATE DEFENSE, Defendant alleges that Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

21.    FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were made without malice, in good faith and/or as a result of business necessity.

22.    FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant alleges some or all of Plaintiff's claims are barred in whole or in part, because Defendant fully performed all contractual, statutory, or other duties owed to Plaintiff under applicable law.

23.    FOR AND AS A TWENTY-THIRD SEPARATE DEFENSE, Defendant alleges that the conduct at issue was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged, justified, and consented to by Plaintiff.

24.    FOR AND AS A TWENTY-FOURTH SEPARATE DEFENSE, Defendant alleges, on information and belief, that any alleged adverse employment action taken by Defendant Asplundh, if it occurred, was undertaken for one or more legitimate, non-discriminatory and/or non-retaliatory business reasons.

25.    FOR AND AS A TWENTY-FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that he is not a qualified person with a disability

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

as defined by relevant state law, nor was he regarded as a qualified person with a disability.

26. FOR AND AS A TWENTY-SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent he was unable to perform the essential duties of his position and/or perform those duties in a manner that would not endanger his health or safety or the health or safety of others, with or without reasonable accommodation.

27. FOR AND AS A TWENTY-SEVENTH SEPARATE DEFENSE, assuming, *arguendo*, that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability, Plaintiff's claims are barred to the extent any accommodation sought by Plaintiff would impose an undue hardship on Defendant.

28. FOR AND AS A TWENTY-EIGHTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent he failed to properly and in good faith engage in the interactive process with Defendant Asplundh regarding any requested accommodation.

29. FOR AND AS A TWENTY-NINTH SEPARATE DEFENSE, Defendant alleges that any claims for civil penalties pursuant to Labor Code section 2802 are barred, in whole or in part, because the expenses claimed were not reasonably necessary/required for the job.

## RESERVATION OF ADDITIONAL AFFIRMATIVE AND/OR OTHER DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays that:

1. That Plaintiff takes nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice, with judgment entered against Plaintiff and in favor of Defendant;

3. That Plaintiff be ordered to pay Defendant's attorney's fees and costs of suit incurred herein; and

///

DEFENDANT ASPLUNDH'S ANSWER TO COMPLAINT

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

1    4.    For such other and further relief as the Court deems just and proper.

2   Dated:  September 20, 2022

3                                          LITTLER MENDELSON, P.C.

4

5                                          _____
                                           ADAM J. FISS
6                                          NATHANIEL H. JENKINS
                                           Attorneys for Defendant ASPLUNDH TREE
7                                          EXPERT, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

7

DEFENDANT ASPLUNDH'S ANSWER TO COMPLAINT

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 500 Capitol Mall, Suite 2000, Sacramento, California  95814.  On this 20th day of September, 2022, I served a copy of the within document(s):

**ANSWER OF DEFENDANT ASPLUNDH TREE EXPERT, LLC
TO PLAINTIFF'S COMPLAINT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is smasada@littler.com:

Ruben Guerra                           Attorneys for Plaintiff JUAN VENTURA
Tizoc Perez-Casillas
GUERRA & CASILLAS LLP
617 South Olive Street, Suite 422
Los Angeles, CA  90014
Telephone:   213.437.9495
Facsimile:    213.342.5503
Email:     ruben@guerracasillas.com
               tizoc@guerracasillas.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 20th day of September, 2022, at Sacramento, California.

Sophia Masada

4876-5528-2227.2 / 100715-1028

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

8

DEFENDANT ASPLUNDH'S ANSWER TO COMPLAINT